**Opinion filed June 25, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00079-CR**

_____

**DAVID GENE ALEXANDER, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. 29,465**

**M E M O R A N D U M   O P I N I O N**

After the trial court denied his motion to suppress, appellant pleaded guilty to the offense of possession of a controlled substance. The trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years and assessed a fine of $1,000. In a single issue, appellant challenges his conviction by asserting that the trial court erred in denying his motion to suppress. We modify and affirm.[1]

---

[1]We modify the trial court's judgment to show that it was "IN THE 90TH DISTRICT COURT OF STEPHENS COUNTY, TEXAS," rather than in "YOUNG COUNTY."

*Factual Background*

Stephens County Sheriff James Reeves was the only witness that testified at the hearing on the motion to suppress. On January 10, 2003, Sheriff Reeves received a telephone call from Dickie Gray, a rancher who had property in northern Stephens County. Gray reported to Sheriff Reeves that he observed a four-door Buick enter through a gate onto his property. Sheriff Reeves testified that the gate "had the purple paint No Trespassing signs." *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(D) (Vernon Supp. 2008). Gray additionally reported that he followed the car as it exited his ranch and that he stopped the car to speak with its two occupants about why they were on his property. Gray furnished Sheriff Reeves with the car's license number and requested Sheriff Reeves to locate the car and its occupants. Sheriff Reeves testified that Gray was concerned that the men in the car might have stolen some of his equipment.

Sheriff Reeves and Deputy Sheriff Adam Babilon saw the Buick that Gray observed. Sheriff Reeves initiated a traffic stop of the Buick for the purpose of identifying its occupants and giving them a trespass warning for Gray. *See* TEX. PENAL CODE ANN. § 30.05(a)(1), (b)(2)(A) (Vernon Supp. 2008). As Sheriff Reeves activated the lights and siren on his patrol vehicle, he observed the Buick accelerate and speed away toward Breckenridge. The Buick did not immediately stop while being pursued by Sheriff Reeves. He continued to follow it until it stopped at an apartment complex. The driver of the vehicle quickly exited the vehicle. Sheriff Reeves detained the driver while Deputy Babilon approached appellant, who was a passenger in the Buick. Sheriff Reeves noted a strong odor of ether coming from the car. When the officers removed appellant from the car, they observed a large fruit jar in the floorboard that contained white powder floating in liquid. Sheriff Reeves subsequently arrested the men for possession of methamphetamine.

*Issue*

In his sole issue, appellant challenges the trial court's ruling on the motion to suppress. He contends that Sheriff Reeves did not have a valid basis for initiating the traffic stop.

*Standard of Review*

A trial court's denial of a motion to suppress is reviewed for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). We use a bifurcated standard of

2

review in analyzing the trial court's ruling. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). When a trial court's fact findings are based on an evaluation of witness credibility or demeanor, almost total deference is given to its factual determinations that are supported by the record. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). However, on mixed questions of law and fact that do not turn on the trial court's evaluation of witness credibility and demeanor, we conduct a de novo review. *Amador*, 221 S.W.3d at 673. When, as here, no findings of fact were requested or filed, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

*Analysis*

For Fourth Amendment purposes, a traffic stop is a seizure and must be reasonable. *Davis v. State*, 947 S.W.2d 240, 243, 245 (Tex. Crim. App. 1997). The driver and any passengers are considered seized within the meaning of the Fourth Amendment and may challenge the legality of the stop. *Brendlin v. California*, 551 U.S. 249 (2007). Under *Terry v. Ohio*, 392 U.S. 1 (1968), the police can stop and briefly detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry*, 392 U.S. at 30). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492-93 (Tex. Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*. at 492. The factual basis for the traffic stop or detention need not arise solely from the officer's personal observation but may be supplied by information from another person such as an informant. *See Brother v. State*, 166 S.W.3d 255, 259-60 (Tex. Crim. App. 2005). Whether the totality of the circumstances is sufficient to support an officer's reasonable suspicion is a legal question that we review de novo. *See Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

3

Appellant contends that Sheriff Reeves lacked justification for stopping the vehicle for investigative purposes based upon his stated intention of giving its occupants a criminal trespass warning. In this regard, appellant asserts that an attempt to prevent future criminal activity is an impermissible basis for making a traffic stop. We disagree with appellant's assessment of Sheriff Reeves's actions. As stated above, an officer's reasonable suspicion that a crime has occurred or will soon occur in the future is a permissible basis for a traffic stop. Furthermore, Sheriff Reeves testified that he also stopped the Buick for the purpose of identifying its occupants. In this regard, Gray, an informant known to Sheriff Reeves, reported that the occupants of the vehicle had entered his ranch without permission in contravention of the "no trespass" markings on his gate. Viewing the circumstances objectively, we conclude that Sheriff Reeves was justified in stopping the Buick so that he could identify its occupants for the purpose of determining their participation in the criminal trespass onto Gray's ranch and the possible theft of his personal property. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is modified and, as modified, affirmed.


TERRY McCALL

JUSTICE


June 25, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.